IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HORACIO CAMPBELL, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. CCB-09-3182 |
| INDYMAC BANK, FSB, et. al. | : | |
| | : | |

...o0o...

## MEMORANDUM

Now pending before the court is defendants' motion to dismiss. Plaintiff Horacio Campbell has sued IndyMac Bank, FSB ("IndyMac Bank")[1], IndyMac Mortgage Services, and OneWest Bank, FSB ("OneWest Bank") (collectively "defendants"), alleging breach of contract and intentional misrepresentation. Despite being represented by counsel, Mr. Campbell has not responded to the defendants' motion to dismiss. For the reasons stated below, the defendants' motion to dismiss will be granted.

## BACKGROUND

Mr. Campbell refinanced his home with Mason Dixon Funding, Inc. on June 24, 2005, in a loan amount of approximately $344,000. The monthly payment was initially $2,010.28 and increased to $2,067.86 in January 2006. The interest rate on the loan was fixed for 10 years at

---

[1] The Office of Thrift Supervision of the Federal Deposit Insurance Corporation ("FDIC") closed IndyMac Bank and placed it into FDIC receivership on July 11, 2008. *See* FDIC, Information for IndyMac Bank, F.S.B., and IndyMac Federal Bank, F.S.B., Pasadena, CA, http://www.fdic.gov/bank/individual/failed/IndyMac.html (last visited Jan. 28, 2010). Claims against IndyMac Bank are therefore governed by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(3)-(13). As there is no evidence that Mr. Campbell first presented his claims to IndyMac Bank's receiver, this court lacks subject matter jurisdiction over Mr. Campbell's claims against IndyMac Bank. *See* § 1821(d)(13)(D) (depriving courts of jurisdiction over claims against institutions now under receivership); *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 919 (4th Cir. 1996) (noting that "unless a claim is first presented to the [receiver] for resolution, no court has jurisdiction over it" and that this exhaustion requirement is unwaivable). Accordingly, the court will dismiss Mr. Campbell's claims against IndyMac Bank.

6.125% and was to be adjustable thereafter. At some point, Mason Dixon Funding, Inc. transferred the loan to IndyMac Bank, to be serviced by OneWest Bank.

Mr. Campbell eventually encountered financial difficulties and was approximately $24,000 in arrears on his loan payments as of March 15, 2008. Around this time, Mr. Campbell claims to have contacted IndyMac Bank to renegotiate the loan. According to Mr. Campbell, IndyMac Bank offered to modify his loan to a 40-year fixed interest rate loan with a monthly payment of $2,007.13 and to cease all foreclosure activities. IndyMac Bank promised to send Mr. Campbell the modification papers within 90 days. Mr. Campbell accepted the modification offer and began making monthly payments of $2,007.13 on April 1, 2008. When Mr. Campbell had not received any modification papers within 90 days, he contacted IndyMac Bank and was told that he had been approved, but that he should continue to wait for the papers because of their backlog. Mr. Campbell continued to make the $2,007.13 payments. After IndyMac Bank returned Mr. Campbell's November 2008 payment, Mr. Campbell contacted the company. A representative from IndyMac Bank advised Mr. Campbell to ignore the returned payment and to continue making payments. Mr. Campbell continued his monthly payments until January 2009, when he was told that he did not qualify for a loan modification. Unfortunately, Mr. Campbell's house is currently in foreclosure and the defendants are pursuing collection activities.

On September 15, 2009, Mr. Campbell commenced a civil action in the Circuit Court for Anne Arundel County, Maryland, which the defendants removed to this court on November 30, 2009. IndyMac Mortgage Services and OneWest Bank filed this motion to dismiss on December 7, 2009, which has not been opposed.

## ANALYSIS

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

### A. *Breach of Contract*

Mr. Campbell claims that the defendants breached their contract to modify his home loan. Mr. Campbell has not alleged that this agreement was ever committed to writing and signed by the defendants. Accordingly, the alleged contract is not enforceable under Maryland's Statute of Frauds for two distinct reasons: (1) it cannot be performed fully within one year; and (2) it involves an interest in real estate. *See* Md. Code, Cts. & Jud. Proc. § 5-901(3); Md. Code, Real Prop. § 5-104.

Under Md. Code, Cts. & Jud. Proc. § 5-901(3), an action may not be brought "[o]n any agreement that is not to be performed within 1 year from the making of the agreement," unless either the contract, agreement, or "some memorandum or note of it, is in writing and signed by the party to be charged or another person lawfully authorized by that party." When parties "expressly and specifically agree that their oral contracts are not to be performed within one year," the Statute of Frauds will bar any claims. *Friedman & Fuller, P.C. v. Funkhouser*, 666 A.2d 1298, 1304 (Md. Ct. Spec. App. 1995) (internal quotations and alterations omitted). In this case, the parties allegedly agreed that Mr. Campbell would make monthly payments for a period of 40 years. The agreement explicitly stated that Mr. Campbell would perform over 40 years, rather than within one year. The oral contract, therefore, is not enforceable under Maryland's Statute of Frauds. *See e.g., Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541, 544 (4th Cir. 1987) (holding that an oral contract to pay for assets over a three-year period could not be performed within one year and enforcement of the contract was barred by Maryland's Statute of Frauds).

Mr. Campbell is also barred from enforcing his oral contract because it concerns an interest in real estate. *See* Md. Code, Real Prop. § 5-104. The Maryland Court of Appeals has held that mortgage contracts fall within the Statute of Frauds. *Calomiris v. Woods*, 727 A.2d 358, 368 (Md.

1999). As the oral contract in this case modified Mr. Campbell's home loan and thus concerned an interest in real property, it cannot be enforced.

Furthermore, equitable relief based upon part performance of the oral contract is not available to Mr. Campbell. Under certain circumstances, a court may use the plaintiff's part performance of an oral contract as a means of estopping the defendant from asserting the Statute of Frauds as a defense to enforceability. *See Friedman & Fuller, P.C.*, 666 A.2d at 1307. A plaintiff's part performance may only be used in this manner, however, when it clearly indicates the existence of the oral contract. *See Unitas v. Temple*, 552 A.2d 1285, 1291 (Md. 1989). Thus the part performance "must furnish evidence of the identity of the contract; and it is not enough that it is evidence of *some* agreement, but it must relate to and be unequivocal evidence of the *particular* agreement…" *Id.* at 1292 (quoting *Semmes v. Worthington*, 38 Md. 298, 326-27 (1873)). Further, the doctrine of part performance ordinarily applies when the plaintiff has provided compensation or services to which the defendant was not otherwise entitled. *See Unitas*, 552 A.2d at 1291-92; *Friedman & Fuller, P.C.*, 666 A.2d at 1307. As Mr. Campbell already owed IndyMac Bank monthly payments of approximately $2,067.86, the small drop in Mr. Campbell's payment amount in April 2008 does not clearly indicate that a new 40-year payment plan was agreed to by the parties, nor does it indicate that Mr. Campbell was paying the defendant anything more than a debt he already owed. Therefore, Mr. Campbell's payments under the alleged oral contract do not equitably estop the defendants from asserting the Statute of Frauds as a defense. Accordingly, Mr. Campbell's breach of contract claim must fail.

*B. Intentional Misrepresentation*

Mr. Campbell also claims that the defendants committed intentional misrepresentation by falsely telling him that his loan would be modified in order to induce him to make monthly payments pursuant to the modification plan. To state a prima facie claim of intentional misrepresentation, or fraud, in Maryland, the plaintiff must demonstrate:

> (1) that a representation made by a party was false; (2) that either its falsity was known to that party or the misrepresentation was made with such reckless indifference to truth to impute knowledge to him; (3) that the misrepresentation was made for the purpose of defrauding some other person; (4) that that person not only relied upon the misrepresentation but had the right to rely upon it with full belief of its truth, and that he would not have done the thing from which damage resulted if it had not been made; and (5) that that person suffered damage directly resulting from the misrepresentation.

*B.N. v. K.K.*, 538 A.2d 1175, 1182 (Md. 1988) (quoting *Suburban Mgmt. v. Johnson,* 204 A.2d 326, 329 (1964)).

Mr. Campbell has not pled facts sufficient to make a prima facie case of intentional fraud. Instead, Mr. Campbell's fraud claim consists of conclusory allegations. (*See* Pl.'s Compl. ¶¶ 23-27.) Under *Twombly*, Mr. Campbell must set forth more than "labels and conclusions" to survive a 12(b)(6) motion. 550 U.S. at 555. Yet Mr. Campbell's fraud claim consists mainly of recitations of the elements required to prove intentional misrepresentation, unsupported by facts. For example, to satisfy the knowledge element, Mr. Campbell alleges that defendants "knew and/or should have known that their representation was false at the time it was made," without any further explanation of why this is the case. (Pl.'s Compl. ¶ 23.) Further, Mr. Campbell simply claims that the "Defendants intended to induce Plaintiff to act in reliance upon their misrepresentation," to establish the element of intent to defraud. (Pl.'s Compl. ¶ 24.) Finally, to satisfy the element of harm, Mr. Campbell asserts that "Plaintiff did suffer damages as a result of the reliance on the

6

Defendant[s'] false representations and concealment," yet fails to describe what those damages actually were. (Pl.'s Compl. ¶ 27.)

In addition, as intentional misrepresentation is a claim based in fraud, it is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999). Rule 9(b) requires a plaintiff to plead "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Given the dearth of facts in Mr. Campbell's allegations, Mr. Campbell's claim of intentional misrepresentation fails under the Rule 9(b) pleading requirements as well.

## **CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss will be granted. A separate Order follows.

January  29, 2010                               /s/
Date                                     Catherine C. Blake
                                         United States District Judge